# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| ANTHONY CONLEY § | |
| § | |
| v. § | CIVIL ACTION NO.  5:20-CV-00115-RWS |
| § | |
| WARDEN, FCI TEXARKANA § | |
| § | |

## ORDER

Before the Court is the Report and Recommendation of the United States Magistrate Judge (Docket No. 11), which contains her findings, conclusions and recommendations for the disposition of this matter.  Petitioner Anthony Conley, a prisoner at the Federal Correctional Institution in Texarkana, Texas, proceeding *pro se*, filed the above-captioned civil action to petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Docket No. 1.  The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636 and the applicable orders of this Court.  After reviewing the petition, the Magistrate Judge issued a Report recommending the petition be dismissed without prejudice.  Docket No. 11.  Plaintiff filed objections in response.  Docket No. 16.  The Court hereby adopts the Report and Recommendation of the Magistrate Judge (Docket No. 11) as the findings and conclusions of this Court.

In his objections to the Magistrate Judge's Report, the Petitioner first argues that his conviction for possession of a firearm by a felon, under 18 U.S.C. § 922(g), is invalid in light of the Supreme Court's ruling in *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019), because the government did not prove the elements of the offense.  *See, e.g.*, Docket No. 16 at 21–23.  The Magistrate Judge's Report notes that this claim lacks merit because the Petitioner was only convicted of a controlled substance offense under 21 U.S.C. § 841, not a firearm offense under § 922.  Docket No. 11 at 1, 4.

The Petitioner next argues that he should not have been sentenced as a career offender under United States Sentencing Guideline § 4B1.1, and that he was innocent of the career offender enhancement. *See, e.g.*, Docket No. 16 at 15–19. These claims similarly lack merit because the Petitioner was not sentenced as a career offender under § 4B1.1. *See* Docket No. 1 at 14.

The Petitioner also contends that his offense level was improperly enhanced two levels under United States Sentencing Guideline § 2D1.1(b)(1) for possession of a firearm in connection with a drug trafficking offense, and that his criminal history score was incorrect because he does not have any prior felony convictions. *See, e.g.*, Docket No. 16 at 4. The Magistrate Judge's Report notes that these claims challenge the Petitioner's sentence as imposed, not the manner in which it is being executed or calculated by the Bureau of Prisons. Docket No. 11 at 2–3. A claim challenging the legality of a conviction or sentence generally must be brought under 28 U.S.C. § 2255, not § 2241. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). *Id.* A prisoner may utilize § 2241 as a vehicle for attacking a conviction or sentence if it appears the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. *Id.*

The Petitioner contends that a § 2255 motion is inadequate and ineffective to test the legality of his conviction and sentence. *See, e.g.*, Docket No. 16 at 10–11. The Magistrate Judge's Report notes that the United States Court of Appeals for the Fifth Circuit has recognized only one circumstance in which a motion to vacate filed under § 2255 is inadequate to test the legality of a prisoner's detention. Docket No. 11 at 3. Under Fifth Circuit precedent, the savings clause of § 2255(e) allows a petitioner to proceed under § 2241 if: (1) the claim is based on a retroactively applicable United States Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (2) the claim was foreclosed by circuit law at the time when it should have been raised at trial, on direct appeal or in a first § 2255 motion. *Id.* (citing *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)).

The Magistrate Judge concluded that the Petitioner failed to meet either prong of the *Reyes-Requena* test. *Id.* The Petitioner's claims concerning the sentencing guidelines do not demonstrate that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*. *Id.* Additionally, these grounds for review are not based on a retroactively applicable Supreme Court decision, and they were not foreclosed at the time of trial and sentencing. *Id.* The Magistrate Judge's Report notes that, for these reasons, the Petitioner may not pursue his claims concerning his sentence in a habeas petition filed pursuant to § 2241.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such review, the Court has determined that the Report of the Magistrate Judge is correct and the Petitioner's objections are without merit. Accordingly, it is

**ORDERED** that the Petitioner's objections are **OVERRULED** and the Report of the Magistrate Judge (Docket No. 11) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**. It is further

**ORDERED** that the above-titled cause of action is **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that any and all motions currently pending in this civil action are hereby **DENIED-AS-MOOT**.

**So ORDERED and SIGNED this 2nd day of May, 2022.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE